PICKETT, Judge.
| Defendant-Relator, Martin Operating Partnership, LP, (Martin) seeks a supervisory writ from the interlocutory judgment of the Thirty-Eighth Judicial District Court, Parish of Cameron, the Honorable Penelope Q. Richard, presiding, which denied Martin’s peremptory exception of no cause of action.
STATEMENT OF THE CASE
This matter arises out of an alleged breach of a lease agreement. Martin leases three tracts of land (the North Yard, the Central Yard, and the South Yard) adjacent to the ship channel in Cameron Parish from the plaintiff, J. A. Davis Properties, LLC (Davis). On July 16, 2014, Davis sent a letter to Martin alleging that Martin had failed to maintain the property as required by the lease, including failure to maintain bulkheads adjacent to the ship channel. After a series of correspondence, *41 Davis filed suit on July 14, 2015, for breach of the lease.
Through the course of discovery,[1] Davis learned of documents, which Martin failed to disclose, allegedly demonstrating Martin’s efforts, over the course of several years, to avoid or postpone incurring millions of dollars in expenses for repair to the docks, along with the scheme to avoid or delay disclosure of such efforts. On February 10, 2017, Davis then filed its First Amended and Supplemental Petition for Damages Under Lease Agreement, alleging Martin knowingly engaged in and is attempting to engage in unfair and deceptive methods, acts, and practices against Davis in violation of the Louisiana Unfair Trade Practices Act (LUTPA), La.R.S. 51:1401, et seq., namely:
|¾⅜ Martin has knowingly engaged in and is attempting to continue to engage in unfair and deceptive methods, acts, and practices against its lessor Davis by misleading Davis in numerous untruthful, deceitful, deceptive, and dishonest communications, trying to avoid or postpone time sensitive dock and bulkhead repairs estimated to cost approximately $10 million or more. Upon information and belief, defendant has also withheld significant information from the Louisiana Office of Coastal Management, and largely understated the scope of the repairs needed at the subject docks, when pursuing a permit application that it later withdrew.
• The element of business competition in Louisiana trade or commerce is satisfied by the type of lease called into question by this lawsuit. There are currently pending more than $72 billion in LNG related projects and other industrial projects either under construction or planned for construction along this vital asset of the State, the Calcasieu Ship Channel. The defendant in this lawsuit leases or has leased many other properties for marine facilities in this area and elsewhere in Louisiana. This is a commercial lease relationship in which Martin has been untruthful, deceitful, deceptive, and dishonest while trying to avoid or postpone time sensitive dock and bulkhead repairs estimated to cost approximately $10 million or much more. Because Martin has been closing other marine facilities, Davis is concerned that these kinds of deceptive and unfair practices are occurring to the detriment of other Louisiana property owners....
In response, Martin filed a peremptory exception of no cause of action, among other motions and exceptions,[2] arguing the allegations of Davis’s petition fail to state a cause of action under LUTPA, because the Act does not apply to lease disputes or simple breach of contract cases. After a hearing, the trial court denied the exception, explaining in its written reasons:
MARTIN cites to Webb v. Theriot, [97-624 (La.App. Cir. 3 10/29/97),] 704 *42 So.2d 1211 ..to assert that the “LUT-PA did not apply to a lease because a lease is not ‘trade’ or’ ‘commerce’ under the Act,”--.,. In the Webb case, the court stated, “we do not find that the lease and sublease of the hunting property and camp fall within the definition of ‘trade’ or ‘commerce’.” The instant case does not | ¡¡involve a hunting lease. This case - involves a-commercial lease covering valuable dock space along .the Calcasieu Ship Channel.
MARTIN also cites to Shaw Industries, Inc. v. Brett, 884 F.Supp. 1054, 1058 (M.D. La. 1994) to argue that the LUTPA does not provide alternative remedies for breach of contract claims. However, in the Shaw case, the court looked at the relationship of the parties (principal and agent/broker) and the nature of their disagreement and found, it to be more analogous, to a breach of contract dispute than a suit involving unfair and deceptive acts,, and granted summary judgment. In the instant case,, the plaintiff has alleged specific facts regarding defendant’s unfair'and deceptive acts. A practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous or substantially injurious. A trade practice is deceptive under LUTPA when it amounts to fraud, deceit, or' misrepresentation. Indest-Guidry, Ltd. v. Key Office Equipment, Inc., [08-599 (La.App. 3 Cir. 11/5/08),] 997 So.2d 796 ..., citing Mixon v. Iberia Surgical, L.L.C., [06-878 (La.App. 3 Cir. 4/18/07),] 956 So.2d 76 ..., writ denied, [07-1050 (La. 8/31/07),] 962 So.2d 438 .... Davis has alleged sufficient facts, that if true, constitute unfair and deceptive, acts by MARTIN. Further, the issue, is brought before this court as an exception of no cause of action and not as a motion for summary judgment and thus the burden of proof is different.
After reviewing'the petition in this matter, the court finds that the petition-sets forth sufficient facts, if true, that survive an- exception of no cause of action under the LUTPA,
Martin now seeks review, of the trial court’s ruling denying its exception of no cause of action.
SUPERVISORY RELIEF
“The proper procedural vehicle to contest an interlocutory judgment that does not cause'irreparable harm is'-an application for- supervisory writs. See La. C.C.P. arts. 2087 and 2201.” Brown v. Sanders, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933.

. This court previously denied Relator's writ in which it sought review from the trial court’s denial of its motions for protective order and to quash subpoenas. J.A. Davis Properties, LLC v. Martin Operating Partnership, LP, an unpublished decision bearing docket number 16-834 (La.App. 3 Cir. 1/5/17).

. In particular, Relator also filed a dilatory exception of vagueness, which the trial court granted. Davis has since filed a Second Amended and Supplemental Petition for Damages Under Lease Agreement to address the trial court’s vagueness concerns to which Relator has filed, on the same day it filed its writ in this court, another peremptory exception of no cause of action. The hearing on that exception is set for June 5, 2017. Both Relator and Davis cite and allude to the second amended petition in this application, but because that petition has not been ruled upon by the trial court, it is not properly before this court and will not be discussed herein.